296 F.2d 543
 Anthony MORENO, Plaintiff-Appellant,
v.
MARBIL PRODUCTIONS, INC. and Mark Goodson and William S. Todman, doing business under the firm name and style of Goodson-Todman Productions, Defendants-Appellees.
 No. 77.
 Docket 26913.
 United States Court of Appeals Second Circuit.
 Argued November 14, 1961.
 Decided December 11, 1961.
 
 Redman & Rogers, New York City, for plaintiff-appellant. Arnold Davis, New York City, of counsel.
 Marshall, Bratter, Greene, Allison & Tucker, New York City, for defendants-appellees. Morton S. Robson, New York City, of counsel.
 Before SWAN, MOORE and SMITH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants conducted a television program through which the public was invited to compete in "Showcase Contests." During 1958 plaintiff competed in four such contests. In 1959 he brought suit in a New York court for breach of contract, alleging that he was the winner in each of the contests and that defendants had not awarded him the promised prize. The defendants having submitted evidence that plaintiff was not the winner, his complaint was dismissed. Justice Epstein's opinion is reported in 141 N.Y. L.J. No. 123 (June 25, 1959). Plaintiff took an appeal which was subsequently dismissed on stipulation.
 
 
 2
 In November 1960 plaintiff brought the present action to recover the value of the prizes in the four contests in which he had competed. Jurisdiction rests on diversity of citizenship. Defendants moved for summary judgment on the ground of res judicata, and Judge Dawson granted the motion in a well-reasoned opinion. He held that the essential facts in the state court action and in the present action are the same, and the gist of both causes of action is the same. We agree. By submitting a postal card entry containing his estimate of the price of the merchandise displayed in each contest, plaintiff accepted the offer and a unilateral contract was created which bound defendants to deliver the prize to the winner. See Corbin on Contracts §§ 41, 1489. In the state court action plaintiff alleged he was the winner. In the present action, apparently in an effort to forestall the defense of res judicata, plaintiff purports to frame the complaint as an action in tort; instead of alleging that he was the winner, he alleges that he submitted the correct estimate and that the defendants conspired with their own agents, servants and employees to deprive him from winning the contest. He argues that the complaint states an action for conspiracy to deprive him of a prospective advantageous business relationship. The argument is fallacious.
 
 
 3
 The tort of interfering with a prospective business relationship gives protection against an unjustifiable interference with such relationship by a third party. As stated by the New York Court of Appeals in A. S. Rampell Inc. v. Hyster Co., 3 N.Y.2d 369, 165 N.Y.S.2d 475, 481, 144 N.E.2d 371, 375 "interference with pre-contractual relations is actionable where a contract would have been entered into had it not been for the malicious conduct of a third person." This principle of the law of torts can have no application to the defendants. As shown above, they were already bound by contract to award the prize to the entrant who submitted the correct estimate. It adds nothing of substance to allege that they conspired with their own employees not to perform their contract obligation. Furthermore, the principle stated in Schuykill Fuel Corp. v. B & C Nieberg Realty Corp., 250 N.Y. 304, 306, 165 N.E. 456, 457, that "A judgment in one action is [a] conclusive [bar] in a later one, not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first" is here applicable. All the facts material to the present claim of tortious interference the state court claim. Judgment affirmed.