**ASTRON INDUSTRIAL ASSOCIATES, INC., Appellant,**

v.

**CHRYSLER MOTORS CORPORATION, Appellee.**

**No. 26020.**

United States Court of Appeals
Fifth Circuit.

Dec. 30, 1968.

Harold W. Colee, Jr., Boggs, Colee & Wilson, Jacksonville, Fla., for appellant.

Delbridge L. Gibbs, Victor M. Halbach, Jr., Jacksonville, Fla., Walter B. Maher, Detroit, Mich., for appellee.

Before TUTTLE and AINSWORTH, Circuit Judges, and MITCHELL, District Judge.

AINSWORTH, Circuit Judge:

This is an appeal by Astron Industrial Associates, Inc. from the judgment of the District Court dismissing the appellant's complaint on the ground that the issues raised therein had been the subject of another lawsuit by Astron's wholly owned corporation, Transcontinental Industries, Inc., against Chrysler Motors Corporation, in which a stipulation of dismissal with prejudice had been entered.[1] Upon a full consideration of the record, including the stipulations of law and fact, the depositions, and the various documents, we affirm the judgment of the District Court.

On May 18, 1964, appellant acquired all the outstanding capital stock of Transcontinental Industries, Inc.[2] The pri-

mary impetus for the acquisition was Transcontinental's alleged relationship with appellee Chrysler whereby appellee was to supply Transcontinental with automobile parts and supplies. The decision to acquire Transcontinental occurred only after an investigation of that relationship which included discussions with Chrysler officials and an examination of the Warehouse Distributor Agreements then existing between appellee and Transcontinental, and the various brochures and sales forecasts supplied by the appellee. As the former Chairman of the Board of the appellant stated in his deposition, "Had it not been for Chrysler being involved with Transcontinental, I will guarantee you I would never have recommended to Astron that they acquire Transcontinental * * *." However, he admitted that Chrysler "never tried to sell [appellant] on the deal. * * * I tried to sell myself on the deal." Within a week after the acquisition the president of Transcontinental became the president of appellant Astron, and a revised Warehouse Distributor Agreement between Transcontinental and Chrysler was signed. On July 9, 1964, appellant's Board of Directors empowered its officers to participate in transactions between Transcontinental and Chrysler. Subsequently a vice president of the appellant was appointed to operate Transcontinental as Chief Executive Officer. On October 15, Astron's Board of Directors authorized employment of legal counsel to consider a suit against Chrysler on the grounds that Chrysler had breached its contract to supply Transcontinental with automobile parts and that Chrysler had made false representations in this regard. On December 15, 1964, Astron's Directors authorized its attorney, the same attorney in the present litigation, to

1. A stipulation of dismissal with prejudice is provided for in Rule 41 of the Federal Rules of Civil Procedure, which states in relevant part that
   " * * * an action may be dismissed by the plaintiff without order of court * * * by filing a stipulation of dismissal signed by all parties who have appeared in the action."

2. In May 1964 Transcontinental Industries, Inc. changed its name to Transonic Corporation, and a new corporation under the name of Transcontinental Industries, Inc. was organized. It is the latter Transcontinental Industries, Inc. which the appellant acquired.

sue Chrysler, and two weeks later Transcontinental brought an action against Chrysler in Federal District Court in Atlanta, Georgia.

On February 3, 1965, Transcontinental filed a voluntary bankruptcy petition. Presumably, although the record is not clear, the Trustee in Bankruptcy was substituted for Transcontinental as the plaintiff in the action against Chrysler. On November 3, 1965, the question of approving a proposed $15,000 settlement of the lawsuit with Chrysler came before the Referee in Bankruptcy, and Astron attempted to purchase the claim. However, the Referee approved the proposed settlement with Chrysler; the appellant neither objected to nor appealed this decision to the District Court, and a stipulation of dismissal with prejudice later was filed with the Clerk of the Federal District Court on December 1, 1965.[3] Instead, appellant Astron filed the present action in which it alleged that it purchased all of the stock of Transcontinental and advanced it funds in reliance upon Chrysler's representations that it would supply Transcontinental with automobile parts and supplies and that Chrysler breached an agreement with appellant to the same effect.

The Trial Judge's dismissal of the suit was based on its maintenance of defendant's plea of *res judicata*. In Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 319–320, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927), the Supreme Court stated the rules governing the application of the doctrine of *res judicata*:

> "The effect of a judgment or decree as res judicata depends upon whether the second action or suit is upon the same or a different cause of action. If upon the same cause of action, the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit between the same parties or those in privity with them, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented. * * *
>
> * * * * * *
>
> " 'A party * * * is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible.' "

See also 1B Moore, Federal Practice ¶ 0.410[1] (2d ed. 1965); Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195 (1878); Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); Runyan v. Great Lakes Dredge & Dock Co., 6 Cir., 1944, 141 F.2d 396; Anderson v. Moorer, 5 Cir., 1967, 372 F.2d 747; Frazier v. East Baton Rouge Parish School Board, 5 Cir., 1966, 363 F.2d 861 (per curiam); McNellis v. First Federal Sav. & L. Ass'n of Rochester, N. Y., 2 Cir., 1966, 364 F.2d 251. See generally Note, Developments in the Law—Res Judicata, 65 Harv.L.Rev. 818 (1952). It is clear that a stipulation of dismissal with prejudice, or, for that matter, a dismissal with prejudice at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action. Burns v. Fincke, 1952, 90 U.S.App.D.C. 381, 197 F.2d 165, 166; 1B Moore, Federal Practice ¶ 0.409[1], p. 1008 (2d ed. 1965). See also Lawlor v. National Screen Service Corporation, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); Smoot v. Fox, 6 Cir., 1964, 340 F.2d 301; Cleveland v. Higgins, 2 Cir., 1945, 148 F.2d 722. Thus, we must determine whether the appellant is in privity with Transcontinental Industries, 1B Moore, Federal Practice ¶ 0.411[1] (2d ed. 1965), and, if so, whether the earlier cause of action is the same cause now sued upon such that the latter action is

---

3. The Trustee in Bankruptcy also executed a Release and Covenant Not to Sue in behalf of Transcontinental Industries, Inc. However, in view of our disposition of the case, we do not find it necessary to discuss the effect of this document.

barred by the doctrine of *res judicata*. See Acree v. Air Line Pilots Association, 5 Cir., 1968, 390 F.2d 199. United States v. Wooten, 5 Cir., 1965, 343 F.2d 214; 1B Moore, Federal Practice ¶ 0.410[1], p. 1154 (2d ed. 1965); Note, Developments in the Law—Res Judicata, 65 Harv.L. Rev. 818 (1952); Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927); Lawlor v. National Screen Service Corporation, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955).

■ The concept of privity is applicable where a court wishes "to justify the binding effect of a judgment on one who was not a party to the earlier suit, but whose interest was validly represented in that suit." 1B Moore, Federal Practice ¶ 0.411[1], pp. 1254–1255 (2d ed. 1965). See Bruszewski v. United States, 3 Cir., 1950, 181 F.2d 419, 423 (Goodrich, J., concurring). In the present context, Astron would be in privity with Transcontinental if it controlled the earlier lawsuit and its interests were represented by Transcontinental. Lawlor v. National Screen Service Corporation, 349 U.S. 322, 329 n. 19, 75 S.Ct. 865, 869 n. 19, 99 L.Ed. 1122 (1955), citing Restatement, Judgments § 83, Comment a; Chicago, R. I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265 (1926) ("substantial identity" of parties). See generally 1B Moore, Federal Practice ¶ 0.411[6] (2d ed. 1965). This determination of identity between litigants for the purpose of establishing privity is a factual question, and the District Court should not be reversed unless its determination is clearly erroneous. Towle v. Boeing Airplane Company, 8 Cir., 1966, 364 F.2d 590. See Crane Boom Life Guard Co. v. SAF-T-Boom Corporation, 8 Cir., 1966, 362 F.2d 317.

■ The record shows that Astron completely controlled Transcontinental as its sole shareholder, an officer of Astron operated Transcontinental, and the Board of Directors of Astron authorized the initial lawsuit by Transcontinental against Chrysler. However, the appellant urges that when the Trustee in Bankruptcy was substituted as a plaintiff in the suit against Chrysler, it lost its ability to control the direction of the lawsuit. This argument ignores the fact that when the Referee approved the $15,000 settlement with Chrysler, appellant did not object to the Referee's decision. See Collier, Bankruptcy Manual ch. 38 (1968). Compare In Re Sunningdale Country Club, 6 Cir., 1965, 351 F.2d 139, 144. Under these circumstances, we find that the District Court's holding of substantial identity between the appellant and Transcontinental was not clearly erroneous. See Momand v. Universal Film Exchanges, 1 Cir., 1948, 172 F.2d 37; Chicago, R. I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265 (1926); Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L. Ed. 1148 (1917); Simon v. Maryland Casualty Company, 5 Cir., 1965, 353 F.2d 608 (Brown, J.); 1B Moore, Federal Practice ¶ 0.411[10], pp. 1659–1660 (2d ed. 1965).

■ In regard to the identity of the two lawsuits, it is the substance of the actions that must be compared and not their form. Acree v. Air Line Pilots Association, 5 Cir., 1968, 390 F.2d 199 (Wright, J., sitting by designation); Wilson Cypress Co. v. Atlantic Coast Line R. Co., 5 Cir., 1940, 109 F.2d 623. However, there is no one generally accepted test applicable to all situations for determining identity.

"In deciding whether the substances of two actions are for *res judicata* purposes the same, various tests have been advanced: Is the same right infringed by the same wrong? Would a different judgment obtained in the second action impair rights under the first judgment? Would the same evidence sustain both judgments? * * *"

Acree v. Air Line Pilots Association, 5 Cir., 1968, 390 F.2d 199, 201. See also 1B Moore, Federal Practice ¶ 0.410[1], pp. 1157–1158 (2d ed. 1965); Note, Developments in the Law—Res Judicata, 65 Harv.L.Rev. 818, 824–825 (1952). See, e. g., Towle v. Boeing Airplane Company, 8 Cir., 1966, 364 F.2d 590; Runyan v. Great Lakes Dredge & Dock Co., 6 Cir.,

1944, 141 F.2d 396; Norman Tobacco & Candy Co. v. Gillette Safety Razor Co., 5 Cir., 1961, 295 F.2d 362; Wilson Cypress Co. v. Atlantic Coast Line R. Co., 5 Cir., 1940, 109 F.2d 623; Kelliher v. Stone & Webster, 5 Cir., 1935, 75 F.2d 331; Moreno v. Marbil Productions, Inc., 2 Cir., 1961, 296 F.2d 543.

Applying these tests to the present litigation, we find that the two lawsuits brought against Chrysler are identical for purposes of *res judicata*. In both suits the *only* wrong which Chrysler allegedly committed was its failure to supply automobile parts and supplies to Transcontinental. There is no evidence in the record which would indicate that Chrysler committed an independent wrong in inducing appellant to purchase Transcontinental by misrepresenting that it would perform its alleged obligations to Transcontinental. Nor is there any evidence of a separate contract between appellant and Chrysler wherein Chrysler agreed to supply Transcontinental with automobile parts. Whether the theory of recovery be misrepresentation to Transcontinental, misrepresentation to Astron, breach of contract with Transcontinental, or breach of contract with Astron, the operative wrong remains the same, the evidence necessary to sustain the allegation is the same, and a different judgment in this suit would impair rights under the earlier dismissal. Thus, as we stated in Norman Tobacco & Candy Co. v. Gillette Safety Razor Co., 5 Cir., 1961, 295 F.2d 362:

> "It is settled * * * that a litigant may not split his claim and have two trials on the same alleged breach of duty. Basically, Norman claimed the same 'right' in both suits * * *. *The only wrong charged against Gillette was its refusal to continue to deal with Norman.* * * * But there was one breach and one only and appellant has had its day in court and has lost. * * * *The mere fact that in the case already decided Gillette's refusal to sell was alleged to have been wrongful for one reason and, in the present case for another reason, does not alter*

*the fact that the cause of action was for the same injury."* Id. at 363–364 (emphasis added), citing Restatement, Judgments, § 63. See also Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927). See 1B Moore, Federal Practice ¶ 0.410 [1] (2d ed. 1965).

Affirmed.