Ed N. HARRISON and William P. Johnston, Trustee, Plaintiffs-Appellees,

v.

BLOOMFIELD BUILDING INDUSTRIES, INC., Defendant-Appellant.

No. 20374.

United States Court of Appeals, Sixth Circuit.

Decided and Filed Dec. 21, 1970.

---

Henry L. Klein, Memphis, Tenn. (James E. Harpster, Rickey, Shankman, Agee & Harpster, Memphis, Tenn., on the brief), for appellant.

John J. Thomason, Memphis, Tenn. (Thomason, Crawford & Hendrix, Memphis, Tenn., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and PECK, Circuit Judge, and MURRAH*, Senior Circuit Judge.

* Senior Circuit Judge of the Court of Appeals for the Tenth Circuit, sitting by designation.

MURRAH, Senior Circuit Judge.

This appeal from a Tennessee diversity judgment challenges the propriety of a summary judgment rendered in favor of Harrison and Johnston against Bloomfield Building Industries, Inc., (Bloomfield) for the balance and interest allegedly due on a promissory note. The correctness of the trial judge's determination that no material issue of fact survived the pleadings, affidavits and requests for admission of facts depends on whether he correctly applied the doctrine of collateral estoppel to the asserted defense to the promissory note. We conclude that he did and that the judgment should be affirmed.

Harrison and Johnston alleged execution of the note by Bloomfield, default, notice and that the entire balance of the note was due and owing. Bloomfield admitted execution, default and notice but alleged that the note was procured by fraud and hence unenforceable. Specifically, Bloomfield asserted that the note was given in exchange for certain stock in a corporation known as 136 East South Temple, Inc., and that he had been "misled * * * into executing the note" by the concealment of a material fact concerning the financial condition of the corporation. This alleged concealment and misrepresentation is also said to constitute a violation, hence a statutory defense to the note, under Sections 12 and 17 of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934.

The motion for the summary judgment was grounded on the theory that the defenses of fraud and violations of the federal securities laws were all founded on the conduct of one Henry S. Kesler as the agent and partner of Harrison and Johnston and that a stipulated judgment in the District Court for Utah in Kesler's favor against Bloomfield collaterally estopped Bloomfield from asserting Kesler's conduct as a defense to the asserted claim on the note.

In the Utah suit, Kesler sued Bloomfield to recover the balance allegedly due on another note given to Kesler in exchange for his stock in 136 East South Temple, Inc., ten days after execution of the note in suit here. As a result of the execution of these two notes, Bloomfield became the owner of all stock in the corporation. Bloomfield admitted execution of the Kesler note, default and notice but denied that any sum was due. Counterclaiming, he asserted that as President of 136 East South Temple, Inc., Kesler had obligated the corporation to furnish certain improvements to a third party free of charge, that Bloomfield did not learn of this material fact until after litigation arose between the corporation and the third party, that as a result of Kesler's actions the corporation was forced to settle the litigation to its detriment in the sum of $100,000.00 and to the prejudice of Bloomfield as the new owner of all the stock in the corporation. Kesler replied denying any detriment to the corporation or to Bloomfield. It was in this posture that the stipulated judgment was rendered in favor of Kesler in the suit on the note. There was no recovery on the counterclaim. Shortly thereafter, Bloomfield executed a release discharging Kesler " * * * from all claims, demands, actions or causes of action arising out of or in connection with any agreements, transactions or activities of whatsoever kind or character * * * "

Judge McRae determined that the allegations of fraud and violations of the federal securities acts were bottomed on the conduct of Kesler and that the Utah judgment and release indicated "a clear intention of the parties" to dispose of all claims of fraud based on his conduct. He concluded that once the defenses based on Kesler's conduct were eliminated from the lawsuit no material issue of fact survived, and Harrison and Johnston were entitled to judgment for the balance of the note ($94,141.69) with interest at the rate of six per centum (6%) and an attorney's fee of $20,000.00.

Bloomfield contends that the summary judgment based on collateral estoppel was improper because (1) Harrison and Johnston were neither party nor privy to

the Utah proceeding and (2) the pleadings and affidavits raised material issues of fact which were not litigated in the Utah proceeding, i. e., the asserted violations of the federal securities acts and fraudulent conduct of Harrison and Johnston. Assuming the appropriateness of the summary judgment, Bloomfield asserts error in the refusal to allow a set off against the balance due on the note and that the award of attorney's fees was excessive and constituted an abuse of discretion.

Harrison and Johnston agree of course with the judgment in their favor but seek damages under Rule 38, F.R.A.P., on the ground that the appeal is frivolous and has for its purpose only delay.

■■ Res judicata, collateral estoppel and their relationship to each other is too well known and universally accepted to justify elucidation. They vary only in the sense that res judicata bars a second suit between the same parties and their privies on the same cause of action as to all issues which were or could have been litigated in the former suit, while collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; Shelley v. Gipson, 218 Tenn. 1, 400 S.W.2d 709.

■ Identity of parties is of course requisite to the operation of either variation of the doctrine. And Bloomfield denies requisite privity between Kesler and Harrison and Johnston to afford identity of parties for purposes of collateral estoppel.

The Supreme Court of Tennessee has equated identity of parties with identity of interests for purposes of privity. Cotton v. Underwood, 442 S.W.2d 632. Cf. Astron Industrial Associates, Inc. v. Chrysler Motors Corporation, 405 F.2d 958 (5th Cir.). Indeed, the Tennessee Court has gone so far as to indicate that the requirement of identity is satisfied if the party against whom the judgment is asserted was a party to the former action and the judgment in the former suit encompassed the issue asserted in the subsequent action. Cotton v. Underwood, *supra.*

■ Both the Kesler note and the one *in suit were executed by Bloomfield within* a few days of each other, and both notes were given in exchange for stock in the same corporation. Kesler was actively involved in the negotiations surrounding the execution of both notes as the agent or partner of Harrison and Johnston, Bloomfield was a party to both suits on the notes, and the fraudulent conduct of Kesler was asserted as a defense in both suits. It was on these facts that the District Judge concluded Harrison and Johnston were in privity with Kesler. And we certainly cannot say that his judgment in this respect was clearly erroneous. Cf. Astron Industrial Associates, Inc. v. Chrysler Motors Corporation, *supra.*

■ This brings us squarely to the question of estoppel, i. e. whether the fraud asserted as a defense in the present suit was actually litigated and determined in the Utah proceedings. Bloomfield does not attack Judge McRae's finding that the stipulated judgment and release manifested "a clear intention of the parties with regard to the disposition of all claims of fraud." But he does say in effect that the fraud asserted as a defense in the Utah suit was not intended to encompass as a defense the alleged violations of the federal securities acts.

True, the violations of the securities laws were not specifically pleaded in the Utah case. But we agree with the trial court that the conduct alleged to constitute the violations was actually at issue in the Utah case by virtue of Bloomfield's counterclaim and Kesler's reply. The misrepresentation in the Utah case alleged to have induced the purchase of the stock was the asserted concealment of the furnishing of free improvements to the third party. As to that conduct, the slate was wiped clean by the stipulated judgment and the unconditional release.

No other conduct is alleged by Bloomfield to constitute violations of the securities acts.

We recognize that in ruling on a motion for summary judgment the pleadings and affidavits are to be construed most favorably towards the party opposing the motion, Arrasmith v. Pennsylvania Railroad Co., 410 F.2d 1311 (6th Cir.), but the party resisting the motion may not rest on the allegations or denials of his pleadings. Rather, he must set forth specific facts showing a genuine issue for trial. Rule 56, F.R.Civ.P. Kletschka v. Driver, 411 F.2d 436 (2d Cir.). This Bloomfield failed to do. The pleadings and affidavits convince us that the only defenses intended to be asserted in this case, i. e. fraud and violations of the securities acts, are based on the conduct of Kesler acting as agent and partner of Harrison and Johnston. The Utah judgment precludes Bloomfield from relying on that conduct as a defense to Harrison and Johnston's recovery on the note, and summary judgment was properly granted in their favor. *Cf.* Sutphin v. Speik, 15 Cal.2d 195, 99 P.2d 652; Sutphin v. Speik, 15 Cal.2d 195, 101 P.2d 497.

By affidavit filed after the trial court determined that Harrison and Johnston were entitled to judgment for the unpaid balance of the note but before entry of judgment, Bloomfield sought to have the balance due on two notes held in escrow, including accumulated interest and dividends, set off against the balance due on the principal note. Two $16,000.00 promissory notes in favor of Harrison and Johnston were assigned to Bloomfield at the time of execution of the principal note and placed in escrow. Payments on the notes were made directly to Bloomfield until he defaulted on the principal note. The attorney for Harrison and Johnston then directed that payments on the notes be made directly to the escrow agent, and they have been since that time. The trial court did not specifically rule on the affidavit but did provide that once the judgment in favor of Harrison and Johnston, including interest, attorney's fees and costs, was satisfied the notes with all accumulated interest and dividends should be released to Bloomfield.

The note provides that the payee need not proceed against the principal before attempting to realize on the security and conversely that the payee need not realize upon the security before proceeding against the principal. We do not agree with Bloomfield that Harrison and Johnston have sought both to realize on the security for the principal note and proceed directly against Bloomfield for the principal contrary to the terms of the note.

██ Harrison and Johnston sought and recovered a judgment against Bloomfield. There is no showing that they have received any of the sums held in escrow. The judgment of the district court merely operates to preserve certain security pledged for payment of the note. The trial court did not err in denying the set off.

 The award of an attorney's fee in the sum of $20,000.00 is challenged as constituting an abuse of discretion. Harrison and Johnston introduced affidavits concerning a reasonable fee under the facts of this case. The fee awarded was within the limits of those suggested. Moreover, the experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong. Folk v. Folk, 210 Tenn. 367, 355 S.W.2d 634, 357 S.W.2d 828. See also Crites, Inc. v. Prudential Ins. Co., 322 U.S. 408, 64 S.Ct. 1075, 88 L. Ed. 1356. Bloomfield introduced no evidence that would enable us to say that the fee was so excessive as to constitute an abuse of discretion.

██ Lastly, we hold that Harrison and Johnston's motion for damages under Rule 38, F.R.A.P., is not well taken. The issues raised by Bloomfield on the appeal presented serious questions of law and were not without merit on their face. The judgment was entered on February

19, 1970, and this appeal was argued on October 6, 1970. Under these circumstances, we cannot say that the appeal was frivolous and designed merely for delay.

Judgment affirmed.