767 F.2d 920
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES FLOYD LANE, PLAINTIFF-APPELLANT,
v.
JOHN K. FAUVER; JAMES RESTAURANTS, INC. D/B/A WHITE
RESTAURANT, DEFENDANT-APPELLEES.
 NO. 85-1002
 United States Court of Appeals, Sixth Circuit.
 6/10/85
 
 1
 E.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: MERRITT and KENNEDY, Circuit Judges; and PHILLIPS, Senior C rcuit Judge.
 
 
 3
 This matter is before the Court upon the appellant's motion for counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's informal brief, and the motion for counsel, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 James Floyd Lane's action is based upon his complaint that he was barred from the appellees' restaurant because of his race in violation of 42 U.S.C. Sec. 2000(b)(2). The district court held that the doctrine of res judicata applied to the appellant's action and dismissed the case.
 
 
 5
 Res judicata bars a second suit between the same parties and their privies on the same cause of action as to all issues which were or could have been litigated in the former suit. Harrison v. Bloomfield Building Industries, Inc., 435 F.2d 1192 (6th Cir. 1970). The present action is the same cause of action as that litigated in James Floyd Lane v. Ohio Civil Rights Commission and James Restaurant Inc., No. 83-982 (N.D. Oh. February 27, 1984). The district court in that case dismissed the action against the Ohio Civil Rights Commission because the appellant failed to state a claim upon which relief could be granted. Additionally, the Court entered a summary judgment in favor of James Restaurants Inc. The complaint in the prior action alleges the same injury and requests relief based upon the same law as that alleged in the present action. Furthermore, it is clear the same parties were involved in the prior action. Although the summary judgment in the prior case was decided on affidavits, it is a judgment on the merits for res judicata purposes. Jackson v. Hayakawa, 605 F.2d 1121, 1125 n.3 (9th Cir. 1979). Consequently, the district court was correct in applying the doctrine of res judicata.
 
 
 6
 Accordingly, it is ORDERED that the motion for appointment of counsel is denied and the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.