770 F.2d 167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TERRENCE F. RODGERS, PLAINTIFF-APPELLANT,
v.
DETROIT DEPARTMENT OF TRANSPORTATION; DIV. 26, AMALGAMATED
TRANSITUNION, AFL-CIO, DEFENDANTS-APPELLEES.
 NO. 85-1230
 United States Court of Appeals, Sixth Circuit.
 7/12/85
 
 E.D.Mich.
 AFFIRMED
 ORDER
 BEFORE: MARTIN, CONTIE and WELLFORD, Circuit Judges.
 
 
 1
 This matter is before the Court upon appellant's motion for counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record, the appellant's informal brief and motion for counsel, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Terrence F. Rodgers is appealing the district court's dismissal of his employment discrimination case. The case was dismissed pursuant to the doctrine of res judicata and because the action was not filed within 90 days of the right to sue notice, 42 U.S.C. Sec. 2000e-5(F)(1). The appellant was hired as a bus driver with the Detroit Department of Transportation on June 4, 1979 and was suspended from employment on April 27, 1980 for unsatisfactory attendance and work performance. The suspension was changed to a discharge effective May 19, 1980. Rodgers filed charges with the EEOC and was given a right to sue letter on August 10, 1983. The specific allegations regarding discrimination were that the appellant had a better employment record than a woman driver who was retained by the Department of Transportation.
 
 
 3
 The first complaint in this case was filed with the district court on November 8, 1983. It did not invoke jurisdiction under 42 U.S.C. Sec. 2000e et seq. but states that the employer erred in its calculation of the number of days the appellant was absent from work. Accordingly, the district court granted the defendant's motion to dismiss for failure to state a claim and thus terminated action 83-CV-4885 on April 10, 1984. The court also had entered an order on April 9, 1984, which denied the appellant's December 14, 1983 motion to amend the complaint. Evidently, the appellant did not prosecute an appeal from dismissal of that case.
 
 
 4
 Eight days after the first action was dismissed, the appellant filed the complaint in this action which alleged that the appellees erroneously calculated his time absent and alleged discrimination. The action was dismissed on February 27, 1985, and a notice of appeal was filed on March 1, 1985.
 
 
 5
 A final judgment on the merits of the action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Federated Department Stores, Inc., v. Moitie, 452 U.S. 394, 398 (1981). In comparing the complaint in the first action with the complaint in the present action, it is clear both cases involve the same parties, arise from the same operative facts, and involve the same cause of action. See Harrison v. Bloomfield Building Ind., Inc., 435 F.2d 1192 (6th Cir. 1970); Cemer v. Marathon Oil Co., 583 F.2d 830 (6th Cir. 1978). Furthermore, since the district court dismissed the first action for failure to state a claim, that adjudication operates as a dismissal on the merits. Carter v. Money Tree Co., 532 F.2d 113 (8th Cir.), cert. denied, 426 U.S. 925 (1976); Lambert v. Conrad, 536 F.2d 1183 (7th Cir. 1976). The district court appropriately applied the doctrine of res judicata.
 
 
 6
 The appellant had 90 days from the notice of the right to sue to file the action in district court. 42 U.S.C. Sec. 2000e-5(F)(1). This action was not filed within the limitations period and was also correctly dismissed on this basis. See Brown v. Mead Corp., 646 F.2d 1163 (6th Cir. 1981).
 
 
 7
 Accordingly, the motion for counsel is denied and the district court judgment is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.