[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10578

Non-Argument Calendar

_____

CHARMAINE SAUNDERS,

Plaintiff-Appellant,

*versus*

NEIGHBORHOOD RESTAURANT PARTNERS,
a Foreign Limited Liability Company
d.b.a. Applebee's,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-02586-SDM-AAS

_____

2                    Opinion of the Court                  24-10578

Before BRANCH, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Charmaine Saunders, proceeding *pro se*, appeals the dismissal of her civil suit against Neighborhood Restaurant Partners, LLC ("Neighborhood Partners").[1]  On appeal, Saunders challenges the district court's rulings setting aside the clerk's entry of default against Neighborhood Partners as well as the dismissal of her suit based on *res judicata* given a previous lawsuit she filed asserting similar claims.  After careful review, we affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In November 2022, Saunders filed a *pro se* suit against Neighborhood Partners in the Middle District of Florida ("*Saunders I*") alleging that, on July 27, 2021, an employee of Neighborhood Partners overserved her alcohol and drugged her in order to assist a restaurant patron, who then sexually assaulted her.  In her operative amended complaint in *Saunders I*, Saunders asserted various

---

[1] In her complaint, Saunders named the defendant as "Neighborhood Restaurant Partners DBA Applebee's, a Foreign Limited Liability Company," but sometimes referred to the defendant as "Neighborhood Restaurant Partners, LLC."  In other district court filings, Saunders included "Florida" in the defendant's name, referring to the defendant as "Neighborhood Restaurant Partners Florida DBA Applebee's" or "Neighborhood Restaurant Partners Florida, LLC."  However, the defendant and the district court did not include "Florida" in the defendant's name, referring to the defendant as "Neighborhood Restaurant Partners, LLC," "Neighborhood Restaurant Partners DBA Applebee's," or "Neighborhood Restaurant Partners."  While some of these appear to be different entities, the variations and relationship between the entities do not affect our analysis, so we use the term "Neighborhood Partners" as a catch-all.

claims against Neighborhood Partners, including: "Breach of Duty of Care," "Negligence," "Negligence in Duty to Exercise Reasonable Care," "Breach of Duty of Care by Special Relationships," "Intentional Infliction of Emotional Distress," and "Conspiracy." *Saunders I* was assigned to District Judge Thomas P. Barber. After discovery, Neighborhood Partners moved for summary judgment and the district court granted the motion in October 2023. *Saunders v. Neighborhood Rest. Partners*, No. 8:22-cv-2483, 2023 WL 6809646 (M.D. Fla. Oct. 16, 2023). The court reasoned that, accepting Saunders' version of events as true, Saunders could not show that Neighborhood Partners was liable for the tortious conduct of its employee under these circumstances. *See id.* at *9–10. Saunders did not appeal that ruling.

Instead, on November 11, 2023, Saunders filed another *pro se* complaint against Neighborhood Partners ("*Saunders II*" or "this case") in the Middle District of Florida, alleging causes of action for negligence, negligent hiring, negligent retention, negligent supervision, and negligent training. Saunders' complaint in *Saunders II* related to the same July 27, 2021, assault that arose out of her visit to one of Neighborhood Partners' Applebee's restaurants. She claimed that the employees delayed her order, overserved her alcohol, and drugged her to the point of incapacitation and that a separate employee transported her to her residence and participated in the sexual assault with the patron. The complaint in *Saunders II* did not mention *Saunders I*. However, several weeks later Saunders filed a "notice of related action" which identified, among other cases, her suit in *Saunders I* as related to her suit in this case.

Saunders filed a return of service reflecting that she served Neighborhood Partners with her complaint in *Saunders II* on November 28, 2023.  A month later, on December 28, Saunders sought a clerk's entry of default and a default judgment, asserting that the defendant had failed to file a responsive pleading or enter an appearance.  On January 3, 2024, a magistrate judge granted Saunders' request for a clerk's entry of default but denied her request for a default judgment as premature.

Five days later, on January 8, 2024, Neighborhood Partners moved to vacate the clerk's default.  It noted that Saunders had brought *Saunders I* the year before, and that it had prevailed at summary judgment in October 2023.  It explained that it had not expected to be involved in further litigation about the same incident, and that its failure to respond was "pure inadvertence."  It also noted that the holiday season had been chaotic, and that Saunders had not alerted counsel—as opposed to Neighborhood Partners generally—of the litigation, despite being "familiar with counsel's identity and contact information" because of *Saunders I*.  It also pointed to a meritorious defense—*res judicata*—and to the fact that it had been diligent in seeking relief from the default, moving for relief within two weeks of the clerk's default.[2]  Neighborhood Partners attached the final judgment in *Saunders I* to its motion.

The district court granted Neighborhood Partners' motion, finding good cause for the failure to respond, and vacated the

---

[2] Neighborhood Partners also argued the statute of limitations barred Saunders claims.  We need not address this alternative ground.

clerk's entry of default.  The court noted that Saunders' claims were likely barred by *res judicata,* and it ordered Saunders to explain why the claims in *Saunders II* should not be dismissed as barred by the resolution of *Saunders I*.

Saunders responded, seeking reconsideration of the district court's order vacating the clerk's default.  In that filing, Saunders made arguments both about the propriety of the default and about *res judicata*.  As to default, Saunders argued that the holiday season was no excuse for defaulting and the failure to respond "was a litigation strategy" and "a flimsy excuse," not a mistake.  She also contended that she would be prejudiced by excusing Neighborhood Partners' default.

As for *res judicata*, Saunders argued that she brought different causes of action in *Saunders I* and *Saunders II*.  She also argued that her suit was not barred because she had received new information that she could not confirm "until the culmination of the previous suit."  In addition, she asserted that Neighborhood Partners and its employees had "submitted false statements," "forged" documents, committed "perjury," and had engaged in "evidence destruction."  Further, she argued that Judge Barber had not dismissed *Saunders I* "on the merits," so *Saunders I* did not preclude her second suit.

The district court denied Saunders' motion for reconsideration and dismissed Saunders' suit.  It concluded that, because Saunders sued Neighborhood Partners in *Saunders I* and asserted claims "premised on the same event (that is, the alleged assault)," and an

6                    Opinion of the Court                    24-10578

order in *Saunders I* granted summary judgment to Neighborhood Partners, *res judicata* barred Saunders' new complaint.  The court explained that the claims in *Saunders I* bore "a striking similarity" to the claims in *Saunders II*.  Finally, it explained that Saunders' allegations of misconduct, witness tampering, and perjury were "no basis for a new action asserting the same or similar claims."

Saunders timely appealed.[3]

## II. STANDARDS OF REVIEW

We review a district court's ruling to set aside a clerk's default for an abuse of discretion.  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).  We also review the denial of a motion to reconsider for an abuse of discretion.  *Guevara v. Lafise Corp.*, 127 F.4th 824, 829 (11th Cir. 2025).  The abuse of discretion standard of review is deferential, and "there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call."  *Rasbury v. IRS (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir.

---

[3] We remanded Saunders' appeal on a limited basis for the district court to determine the citizenship of Neighborhood Partners and whether diversity jurisdiction existed when *Saunders II* was filed.  *Saunders v. Neighborhood Rest. Partners*, No. 24-10578, 2025 WL 817592 (11th Cir. Mar. 14, 2025) (unpublished, non-dispositive opinion).  Neighborhood Partners provided, under penalty of perjury, a document representing that it, its affiliated entities, and the members of each LLC involved in its organizational structure, were all domiciled in Georgia.  Saunders is a citizen of Florida.  Accordingly, the district court concluded that diversity jurisdiction existed.  Satisfied we have jurisdiction; we proceed to the merits.

24-10578                Opinion of the Court                7

1994).  That is because this "standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'"  *Id.* (quoting *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989)).  However, "[a] district court by definition abuses its discretion when it makes an error of law."  *Koon v. United States*, 518 U.S. 81, 100 (1996).

"*Res judicata* prevents plaintiffs from bringing claims related to prior decisions when 'the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action.'" *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1324 (11th Cir. 2024) (font altered) (quoting *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020)), *cert. denied*, 2025 WL 1426676 (2025) (mem.).  The third element, "privity[,] is a factual question, and the District Court should not be reversed unless its determination is clearly erroneous."  *Id.* at 1326 (quoting *Astron Indus. Assocs., Inc. v. Chrysler Motors Corp.*, 405 F.2d 958, 961 (5th Cir. 1968)).[4]  "[W]e review *de novo* the district court's determination of the remaining res judicata elements."  *Id.*

In undertaking our review, we construe the "briefs filed by *pro se* litigants liberally."  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); *Finch v. Vernon*, 877 F.2d 1497, 1506 (11th Cir. 1989).

---

[4] All Fifth Circuit decisions issued by the close of business on September 30, 1981, are binding precedent in this Court.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

### III. DISCUSSION

On appeal, Saunders makes two main arguments, which we address in turn. First, she contends that Neighborhood Partners did not demonstrate "good cause" for failing to timely respond to her complaint. She argues that the holiday season does not provide "a free pass" for an attorney to fail to respond to a complaint. Second, Saunders argues that the district court erred in dismissing her suit as barred by *res judicata*. She asserts that her claims were not decided on the merits in *Saunders I*, and she alleges that Neighborhood Partners only prevailed in *Saunders I* because of various misconduct on its part during the litigation, which the district court should have considered before dismissing this case. Neighborhood Partners argues that the district court did not err in either of its rulings. As to default, it argues that it established good cause, and the district court did not abuse its discretion. As to *res judicata*, it contends that *Saunders I* and this case are "in fact the same" and that Saunders should not be permitted to relitigate *Saunders I* by reframing her claims. Finally, it urges us not to consider facts and documents that were not presented to the district court, and it contends that Saunders' allegations of litigation misconduct are conclusory, "unsupported accusations."

A clerk must enter a default against a party when the party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). However, a district court may set aside the entry of default for good cause. FED. R. CIV. P. 55(c). A defaulting party has the burden of demonstrating good cause. *Afr. Methodist Episcopal Church, Inc. v. Ward*, 185

24-10578                Opinion of the Court                9

F.3d 1201, 1202 (11th Cir. 1999).  Good cause is a "'liberal'" stand-ard that is "not susceptible to a precise formula."  *Compania Intera-mericana Export-Import*, 88 F.3d at 951 (quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)).  Still, "some general guidelines are com-monly applied."  *Id.*  For example, courts "have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."  *Id.*  Courts also look to "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default."  *Id.*  Good cause is not shown, however, when "a party willfully defaults by displaying either an intention or reckless disregard for the judicial proceedings."  *Id.*

Neighborhood Partners demonstrated good cause by ex-plaining that its failure to timely respond to the complaint was in-advertent, rather than intentional or reckless.  *See id.*  It also ex-plained that it was not expecting further litigation with Saunders because *Saunders I* had been closed, and it highlighted how it had received the complaint during the busy holiday season.  Further, it acted promptly to correct the default and only two weeks passed before it sought relief.  *See id.*  While there is no question Neigh-borhood Partners' response to the amended complaint was un-timely, there is "a strong policy of determining cases on their mer-its and we therefore view defaults with disfavor."  *Valdez v. Feltman (In re Worldwide Web. Sys., Inc.)*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Solaroll Shade & Shelter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1132 (11th Cir. 1986).  In addition, for reasons we

discuss below, Neighborhood Partners asserted a "meritorious de-fense" in its first filings in this case. *Compania Interamericana Export-Import*, 88 F.3d at 951. Accordingly, the district court acted within its range of choices when it vacated the default and denied Saun-ders' motion for reconsideration. *Rasbury*, 24 F.3d at 168.[5]

The district court also did not err in dismissing Saunders' claims as barred by *res judicata*. First, there is no dispute that Judge Barber entered judgment in *Saunders I* and the Middle District of Florida was "a court of competent jurisdiction," satisfying the first element of *res judicata*. *Rodemaker*, 110 F.4th at 1324. Second, the judgment in *Saunders I* was final at the time Saunders filed this law-suit and the grant of summary judgment is a final disposition on the merits. *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 628–29 (11th Cir. 2004) ("[There is a] big consequence of a case being disposed of at the summary judgment stage: it is a final adjudication on the mer-its."). Third, both *Saunders I* and this case "involved the same par-ties"—Saunders and Neighborhood Partners were parties to both actions. *Id.* Fourth, and finally, even though there were some dif-ferences between the two suits, they "involved the same causes of action" as our caselaw has understood this element. *Id.* That is because *res judicata* "generally applies not only to issues that were litigated, but also to those that should have been but were not."

---

[5] We do not hold that the district court was necessarily *required* to vacate the clerk's entry of default here. All litigants must comply with applicable proce-dural rules. We simply conclude that the district court's conclusion that Neighborhood Partners showed good cause was not an abuse of discretion.

*Delta Air Lines, Inc. v. McCoy Restaurants, Inc.*, 708 F.2d 582, 586 (11th Cir. 1983). Therefore, "cases involve the same cause of action for purposes of *res judicata* if the present case 'arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action.'" *Israel Disc. Bank Ltd. v. Entin*, 951 F.2d 311, 315 (11th Cir. 1992) (quoting *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990)). Here, the claims in the two suits were extremely similar. Thus, they arose out of the "same nucleus of operative fact"—*i.e.*, the July 2021 assault and the events surrounding it. *Citibank*, 904 F.2d at 1503; *Israel Disc. Bank*, 951 F.2d at 315.

In general, *res judicata* applies "in the absence of fraud or collusion," *Riehle v. Margolies*, 279 U.S. 218, 225 (1929), so we close by addressing Saunders' allegations about Neighborhood Partners' litigation misconduct. Those allegations of misconduct or error in *Saunders I* should have been presented to the court in that case, *see* FED. R. CIV. P. 59; FED. R. CIV. P. 60,[6] rather than brought in a new lawsuit about the same underlying facts. The district court in *Saunders I* then could have adjudicated Saunders' concerns about misconduct and, if necessary, Saunders could have appealed that case to us. *See, e.g., Russell v. Sunamerica Sec.*, 962 F.2d 1169, 1176 (5th Cir. 1992) ("While fraudulent procurement of a prior judgment may indeed preclude the application of *res judicata*, the party

---

[6] We express no position on the availability of relief under these Rules; we simply note that the Federal Rules provide an avenue for correcting fraud or mistake in a judgment, and it is not the avenue Saunders chose.

claiming fraud should address this claim to the court which rendered the first judgment."); *Hendrick v. Avent*, 891 F.2d 583, 587 (5th Cir. 1990) (similar); RESTATEMENT (SECOND) OF JUDGMENTS § 78 (AM. L. INST. 1982) ("[R]elief must ordinarily be sought through a 60(b) type of motion in preference to . . . other procedures."). Because Saunders did not follow the correct procedure, the district court in *Saunders II* did not err in declining to address Saunders' allegations.[7]

## IV. CONCLUSION

For the reasons provided above, we affirm the rulings of the district court.

**AFFIRMED.**

---

[7] Moreover, having reviewed Saunders filings, it is unclear what is the specific fraudulent conduct that she believes entitled her to relief from judgment in *Saunders I*. Accordingly, even if Saunders could challenge the judgment in *Saunders I* through a new suit, she would have had to at least establish that the misconduct had a material effect on the outcome of *Saunders I*. *See, e.g.*, *Pactiv Corp. v. Dow Chem. Co.*, 449 F.3d 1227, 1234 (Fed. Cir. 2006) ("Even [assuming that fraud can operate as an exception to *res judicata*], mere presentation of false evidence . . . does not generally warrant relief." (internal quotation marks and citation omitted)). As the district court here explained, "the order in [*Saunders I*] that grant[ed] summary judgment against Saunders observe[d] that a legal issue, not a factual issue, determined the result."