Loretta E. **ROGOSKI**, Plaintiff-Appellant,

v.

## CITY OF MUSKEGON,
### Defendant-Appellee.

### No. 76–1812.

United States Court of Appeals,
Sixth Circuit.

Submitted Feb. 17, 1977.

Decided March 7, 1977.

Rehearing Denied April 7, 1977.

---

Alexis J. Rogoski, R. Bunker Rogoski, Muskegon, Mich., for plaintiff-appellant.

Thomas J. O'Toole, Muskegon, Mich., for defendant-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

This appeal presents the question of whether a final judgment by a Michigan State court in an eminent domain proceeding is res judicata as applied to a federal court action undertaking to recover additional compensation for the taking of the same property. District Judge Wendell A. Miles held that the federal court suit was barred by the doctrine of res judicata and dismissed the action on the pleadings. The property owner appeals. The case was submitted to this court on briefs by stipulation of the parties. We affirm.

In January 1971 the City of Muskegon instituted condemnation proceedings in the Muskegon County Circuit Court for the taking of a tract of land owned by appellant. The condemnation proceeding was in connection with a downtown urban renewal program.

On August 2, 1973, the State Circuit Court entered judgment for $18,500 as the amount of compensation due appellant, plus interest and costs. Appellant has been paid the amount due to her under this judgment.

The present suit was filed in the District Court on September 8, 1972, asserting a cause of action under the fifth and fourteenth amendments. Appellant contends that her land constructively or effectively was taken by the City in 1966, five years before the institution of condemnation proceedings in the State court. Both parties concede that the issue of whether the property was actually taken in 1966 was not raised or decided in the State court proceeding. On January 4, 1971, the date the City filed its condemnation suit, and at all times subsequent thereto, the established law of the State of Michigan was that the date of taking in a condemnation suit filed in the State courts could, if the landowner so desired, be litigated in the State court proceeding, and could be determined to be a date other than the de jure date of taking. *In re Urban Renewal, Elmwood Park Project*, 376 Mich. 311, 136 N.W.2d 896 (1965); *City of Muskegon v. DeVries*, 59 Mich.App. 415, 229 N.W.2d 479 (1975); *Tamulion v. State Waterways Commission*, 50 Mich.App. 60, 212 N.W.2d 828 (1973). *See also Muskegon Theaters, Inc. v. City of Muskegon*, 507 F.2d 199, 205 (6th Cir. 1974).

Since the date of taking could have been determined in the State court prior to final judgment on the merits, but the issue was not raised by appellant in that case, the District Court correctly applied the doctrine of res judicata. 1B J. Moore, Federal Practice, ¶ 0.405[3] at 631–32 (2d ed. 1974), states the rule as follows:

A final, valid determination on the merits is conclusive on the parties and those in privity with them as to matters adjudged *or which should have been litigated*, in another action or proceeding involving the same cause of action. (Emphasis supplied.)

To like effect see: *Harrison v. Bloomfield Building Industries, Inc.*, 435 F.2d 1192 (6th Cir. 1970); *Clarage Fan Co. v. B. F. Stur-*

*tevant Co.*, 148 F.2d 786 (6th Cir.), *cert. denied*, 326 U.S. 727, 66 S.Ct. 32, 90 L.Ed. 431 (1945).

Appellant's reliance upon *Foster v. City of Detroit*, 405 F.2d 138 (6th Cir. 1968), is misplaced. In *Foster*, this court did not hold that there is an absolute right in all events to litigate in the District Courts of this Circuit the issue of the date of taking in eminent domain actions first brought in State courts. The facts in *Foster* are different from the facts here presented. At the time *Foster* was filed, the law of Michigan did not provide that the issue of the date of taking could be determined in the State courts to be a date other than the de jure date of taking. *In re Urban Renewal, Elmwood Park Project, supra*, 376 Mich. 311, 136 N.W.2d 896, had not been decided.

In *Foster* this court said:

It is fair to say that at the time plaintiffs' complaint was filed and when the second condemnation was commenced and concluded, Michigan had not by statute or clear decisional announcement provided a remedy whereby to compensate property owners for damages consequent upon the long pendency of an ultimately-discontinued condemnation proceeding. 405 F.2d at 141.

\* \* \* \* \* \*

That the law of Michigan was lacking in desirable clarity as of the time this lawsuit was started is emphasized by the several opinions in *Thom v. State Highway Comm'r*, 376 Mich. 608, 138 N.W.2d 322 (1965). What clarification of the state law that was provided in 1965 by the *Cassese* [*City of Detroit v. Cassese*, 376 Mich. 311, 136 N.W.2d 896 (1965)] and *Thom* cases was not available to plaintiffs when the city in 1961 and subsequent years took the position that under Michigan law plaintiffs would have to suffer, without remedy, the loss visited upon them by the aborted first condemnation activity. *Id.* at 144.

Furthermore, when *Foster* was filed in the United States District Court, no condemnation action involving Foster's land was pending in the Michigan State courts.

When appellant filed the present action on September 8, 1972, a condemnation proceeding involving the same land had been pending in the State court since January 4, 1971, in which the issue as to the date of taking could have been litigated and resolved at the option of the appellant.

■ As an alternative argument for reversal, appellant contends that the City's appraiser gave false testimony in the State court proceeding. If so, that too was an issue to have been raised and resolved in the State courts.

The judgment of the District Court is affirmed. No costs are taxed. The appellant and appellee will bear their respective costs incurred in this court.