# United States Court of Appeals for the Federal Circuit

05-1260

PACTIV CORPORATION,

Plaintiff-Appellant,

v.

DOW CHEMICAL COMPANY,

Defendant-Appellee.

Robert T. Tobin, Kenyon & Kenyon, of New York, New York, argued for plaintiff-appellant. With him on the brief were Anita Pamintuan Fusco; and Sheila A. Ozalis, Smith & Ozalis LLP, of Newtown, Connecticut. Of counsel was James Galbraith.

Arthur M. Lieberman, Ganfer & Shore, LLP, of New York, New York, argued for defendant-appellee. Of counsel on the brief were Dawn L. Rudenko, Dickenstein Shapiro Morin & Oshinsky LLP and Bruce M. Kanuch, The Dow Chemical Company, of Midland, Michigan.

Appealed from: United States District Court for the Northern District of New York

Judge David N. Hurd

# United States Court of Appeals for the Federal Circuit

05-1260

PACTIV CORPORATION,

Plaintiff-Appellant,

v.

DOW CHEMICAL COMPANY,

Defendant-Appellee.

_____

DECIDED:  June 5, 2006

_____

Before MICHEL, <u>Chief Judge</u>, BRYSON, and DYK, <u>Circuit Judges</u>.

DYK, <u>Circuit Judge</u>.

Pactiv Corporation ("Pactiv") appeals from the district court's dismissal of its declaratory judgment action against Dow Chemical Company ("Dow"), in which Pactiv sought a judgment of noninfringement, invalidity, and unenforceability with respect to U.S. Patent Nos. 5,424,016, and 5,586,058 (the "'016 patent" and the "'058 patent" respectively).  Because we agree with the district court's determination that Pactiv's claims are precluded by res judicata, we affirm.

## BACKGROUND

In litigation commenced in 1995, Dow sued Pactiv for infringement of the '016 and '058 patents, and Pactiv asserted invalidity and unenforceability counterclaims.  That action, which resulted in Settlement and License Agreements (hereinafter,

collectively the "1998 Agreement"), was dismissed with prejudice pursuant to a joint stipulation. J.A. at 281. The present controversy concerns the effect of the 1998 Agreement and the judgment that was entered pursuant to that agreement.[1]

Pursuant to the 1998 Agreement, Pactiv agreed to pay royalties to Dow on the '016 and '058 patents. However, in late 2002, Pactiv ceased payments. On November 4, 2003, Dow advised Pactiv that Pactiv was in material breach of the License Agreement and that if Pactiv did not cure this breach, it would lose the right to practice Dow's patents. Pactiv notified Dow that it believed the patents were invalid and for that reason would no longer pay any royalties. Soon thereafter, on December 30, 2003, Pactiv filed a declaratory judgment action against Dow, alleging noninfringement, invalidity, and unenforceability of the '016 and '058 patents. Dow moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that Pactiv's suit was barred by res judicata (claim preclusion).

The parties agreed that the prior dismissal was preclusive, unless (1) the 1998 Agreement reserved Pactiv's right to challenge the patents in the future or (2) the judgment was unenforceable because Pactiv was denied a full and fair opportunity to litigate the invalidity and unenforceablity claims.

The district court (Judge David N. Hurd) considered the various agreements and concluded that Pactiv's declaratory judgment action was barred by the prior adjudication

---

[1] For convenience, we refer both to Pactiv itself and its predecessors as "Pactiv." Although not explaining the details of the successorship question, Pactiv concedes that the prior litigation involved Pactiv's predecessors in interest (Tenneco Protective Packaging, Inc., and Astro-Valcour, Inc.) and that the 1998 Agreement was executed by Pactiv's predecessor (Tenneco Protective Packaging, Inc.). Appellant's Br. at 3, 8; J.A. 49, 51.

and that the plain language of the agreements did not expressly reserve future litigation rights to Pactiv. The district court did not specifically address the contention that Pactiv was deprived a full and fair opportunity in the prior adjudication. The district court thus granted Dow's 12(b)(6) motion and dismissed Pactiv's declaratory judgment action. Pactiv Corp. v. Dow Chem. Co., No. 1:04-CV-0081 (N.D.N.Y. Feb. 3, 2005). Pactiv timely appealed.

As Pactiv was in breach of the License Agreement and was in reasonable apprehension of suit, the district court had jurisdiction over Pactiv's declaratory judgment action. See Gen-Probe Inc. v. Vysis, Inc., 359 F.3d 1376, 1380 (Fed. Cir. 2004). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

At the outset, we must address Dow's contention that claim preclusion issues are governed by the law of this circuit. The claim preclusion issues in this case do not depend on any "rule of law having special application to patent cases"; we therefore apply the law of the regional circuit in which the district court sits—here the Second Circuit. Media Techs. Licensing, LLC. v. Upper Deck Co., 334 F.3d 1366, 1369 (Fed. Cir. 2003) (applying regional circuit law in a claim preclusion case); Mars Inc. v. Nippon Conlux Kabushiki-Kaisha, 58 F.3d 616, 618 (Fed. Cir. 1995) (applying regional circuit law in a patent infringement claim preclusion case). In any event, under the circumstances of this case, we see no difference between the application of claim preclusion under our court's precedent and that of the Second Circuit.

Turning to the merits, the defense of claim preclusion will generally be available where the asserted claim was, or could have been, raised in a prior action between the

parties which has been adjudicated on the merits. N. Assurance Co. of Am. v. Square D Co., 201 F.3d 84, 87 (2d Cir. 2000); Hallco Mfg., Co. v. Foster, 256 F.3d 1290, 1294 (Fed. Cir. 2001). A dismissal with prejudice is a judgment on the merits for purposes of claim preclusion. Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 345 (2d Cir. 1995); Hallco Mfg., Co., 256 F.3d at 1297. As the first action between Dow and Pactiv was dismissed with prejudice, it is a judgment on the merits for claim preclusion purposes.

I

Here, Pactiv does not dispute that under general claim preclusion principles, it would be barred from asserting the claims at issue. Instead, Pactiv argues that an exception to claim preclusion applies because Pactiv reserved the right to challenge the '016 and '058 patents in the 1998 Agreement. Pactiv also argues that the district court erred in granting Dow's motion to dismiss because there are material factual disputes between the parties. For the reasons described below, we do not think there are any material factual disputes here, and we think Pactiv is incorrect with respect to the legal effect of the dismissal.

An exception to the normal rules of claim preclusion exists when "[t]he parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein . . . ." Restatement (Second) of Judgments § 26(1)(a) (1982); see also 18 Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure § 4415, at 354 (2d ed. 2002) ("[C]ourts have expressed willingness to honor an express agreement between the parties that an action on one part of the claim will not preclude a second action on another part of the same claim . . . ."). Thus, the parties can, in a

separate agreement, like the 1998 Agreement here, reserve the right to litigate a claim that would otherwise be barred by res judicata. Restatement (Second) of Judgments § 26, cmt a ("So also the parties may enter into an agreement, not directed to a particular contemplated action, which may have the effect of preserving a claim that might otherwise be superseded by a judgment . . . ."). But that reservation must be express.[2]

Initially we note that Pactiv has the standard backwards: it urges that "[t]he plain and express language [of the 1998 Agreement] does not preclude Pactiv from participating in [future litigation]." Appellant's Br. at 23. The question is not whether the 1998 Agreement precluded Pactiv from future litigation; the question is whether the 1998 Agreement expressly permitted Pactiv to participate in future litigation. We conclude that it did not.

Pactiv points to the following provisions in the Settlement Agreement:

---

[2] See, e.g., Norfolk S. Corp. v. Chevron, U.S.A., 371 F.3d 1285, 1289 (11th Cir. 2004) ("In determining the res judicata effect of an order of dismissal based upon a settlement agreement, we should also attempt to effectuate the parties' intent. The best evidence of that intent is, of course, the settlement agreement itself. . . . as interpreted according to traditional principles of contract law."); Hallco Mfg. Co., 256 F.3d at 1297 (noting that in a settlement and dismissal judgment, the parties can expressly reserve the right to later litigate an issue); Herrmann v. Cencom Cable Assocs., 999 F.2d 223, 225 (7th Cir. 1993) (noting that "[t]he parties can also if they want agree to split a single claim into two or more suits"); Keith v. Aldridge, 900 F.2d 736, 741 (4th Cir. 1990) (holding that "[c]laim preclusion will not apply, however, if the parties intended to settle only one part of a single claim and intended to leave another part open for future litigation"); Epic Metals Corp. v. H.H. Robertson Co., 870 F.2d 1574, 1577 (Fed. Cir. 1989) (stating that an express reservation "must be discerned within the four corners of the consent decree, and cannot be expanded beyond the decree's express terms"); Medina v. Wood River Pipeline Co., 809 F.2d 531, 533-34 (8th Cir. 1987) (recognizing general rule that parties may by express agreement consent to the splitting of a cause of action); Urbanizadora Santa Clara, S.A. v. United States, 518 F.2d 574, 578 (Ct. Cl. 1975) ("If plaintiff intended to preserve and pursue a claim . . . following the execution of the release, it was incumbent on plaintiff to manifest this intention in a clearly recognizable manner. . . .").

> Except as to obligations imposed by or under this Agreement [or] the License Agreement . . . [Pactiv] . . . does hereby release each and every Dow Released Party from . . . any and all claims . . . for the period from and after April 27, 1997 relating to those Dow Patents which are subject to patents or pending patent applications as of the date hereof.

Settlement Agreement at ¶ 6(b) (emphasis added). Pactiv then refers us to section 4.5(a) of the License Agreement which provides in pertinent part:

> [Pactiv's] obligation to pay royalty . . . will terminate if: (1) the particular Dow Patent or claim is found invalid through any final judicial or administrative proceeding . . . [or] (3) the Dow Patent or claim is found to be unenforceable through any final judicial or administrative proceeding . . . .

License Agreement (emphasis added). Pactiv's position is that section 4.5(a) of the License Agreement provides that anyone, including Pactiv, can challenge the validity or enforceability of the patents at issue; that the Settlement Agreement preserves this right; and that the obligation to pay royalties ceases if the patents are held invalid or unenforceable in such litigation. Appellant's Br. at 20.

We find that the 1998 Agreement contains no language reserving Pactiv's right to challenge the patents at issue, much less the required express reservation. Section 4.5(a) simply states that Pactiv's obligation to pay royalties will terminate if Dow's patents are found invalid through any proceeding. Although other provisions of the Agreement use "third party" terminology, and section 4.5(a) does not specifically limit the "proceedings" to third party proceedings, that cannot render section 4.5(a) an express reservation. That provision does not expressly reserve the right to maintain

future invalidity and enforceability challenges. To the contrary, Pactiv expressly released Dow from all claims "relating to" those patents.[3]

Finally, Pactiv argues that a separate agreement executed by the parties in 2002, which related to three other patents not at issue here, demonstrates that the parties' original intent in the first agreement was to preserve Pactiv's right to bring future challenges of the '016 and '058 patents. That 2002 agreement stated:

> This agreement shall not preclude nor impact in any way the rights of Pactiv Corporation . . . or Dow Chemical Corporation . . . to bring any action or otherwise assert any claim against each other relating directly or indirectly to the Dow Patents.

2002 Settlement Agreement ¶ 3. This 2002 agreement says nothing about how to interpret the 1998 Agreement. Rather than defining the rights of the parties, this later agreement simply preserved the then-existing rights of the parties. We thus conclude that there was no express reservation of Pactiv's right to challenge the patents at issue.

## II

Pactiv alternatively argues that res judicata is not a bar to this action because "Pactiv was denied a full and fair opportunity to litigate the [ ] patents as a result of

---

[3] The release provisions of the 1998 Settlement Agreement provided in pertinent part:

> (a) Except as to obligations imposed by or under this Agreement [or] the License Agreement . . . <u>Dow . . . does hereby release [Pactiv] from . . . any and all claims, demands, actions and causes of action, whether at law or in equity, that [Dow] . . . ever had or hereafter may have against any [ ] Released Parties relating to any of the Dow Patents</u> . . . .
> (b) Except as to obligations imposed by or under this Agreement [or] the License Agreement . . . <u>[Pactiv] . . . does hereby release each and every Dow Released Party from . . . any and all claims . . . for the period from and after April 27, 1997 relating to those Dow Patents which are subject to patents or pending patent applications as of the date hereof.</u>

Settlement Agreement, at ¶ 6(a) & (b) (emphasis added).

Dow's fraudulent misrepresentations in the earlier litigation."[4]   Reply Br. at 12.

Specifically, Pactiv alleges that during discovery in the initial action, Dow served Pactiv

with an expert report which related to the validity of the '016 and '058 patents.  Pactiv

asserts that after it settled that action, it discovered that the data relied upon by Dow's

expert had been fabricated.  Pactiv argues that without this expert report, its charges of

invalidity would have been much stronger and it would not have agreed to the

settlement, including the dismissal.  Appellant's Br. at 32.

The denial of a full and fair opportunity to litigate is a defense to collateral

estoppel (issue preclusion).  Nat'l Labor Relations Bd. v. Thalbo Corp. 171 F.3d 102,

109 (2d Cir. 1999).  In the context of collateral estoppel, preclusive effect may be

refused when there is a compelling showing of unfairness or inadequacy in the prior

litigation.  See Montana v. United States, 440 U.S. 147, 163-64 (1979); Restatement

(Second) of Judgments § 28, cmt j.  But that doctrine has a more limited role to play

with respect to res judicata (claim preclusion).  In Kremer v. Chemical Construction

Corp., 456 U.S. 461 (1982), the Supreme Court stated in a footnote:  "[w]hile our

previous expressions of the requirement of a full and fair opportunity to litigate have

been in the context of collateral estoppel or issue preclusion, it is clear from what

follows that invocation of res judicata or claim preclusion is subject to the same

limitation."  Id. at 481 n.22.  But at the same time, the Court made clear that res judicata

was precluded only where there was a denial of due process:

---

[4]  Dow argues that Pactiv waived this issue below.  Appellee's Br. at 25-27.  Our review of the record convinces us that Pactiv did in fact preserve the argument regarding its full and fair opportunity in the prior adjudication.

Our previous decisions have not specified the source or defined the content of the requirement that the first adjudication offer a full and fair opportunity to litigate. But for present purposes, where we are bound by the statutory directive of [28 U.S.C.] § 1738, state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law.

Id. at 481.

Thus Kremer only requires that the prior judgment be denied preclusive effect when there has been a due process violation. See, e.g., 18 Wright & Miller, § 4415, at 366 (stating that the "footnote observation [in Kremer] need mean no more than that claim preclusion cannot arise from proceedings that deny due process"); Mass. Sch. of Law v. Am. Bar Ass'n, 142 F.3d 26, 39 (1st Cir. 1998) ("We do not envision a significantly less latitudinarian test for federal court judgments [than for state judgments]. We hold, therefore, that as long as a prior federal court judgment is procured in a manner that satisfies due process concerns, the requisite 'full and fair opportunity' existed."); Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1027-1029 (5th Cir. 1982) ("Thus ordinarily all that due process requires in a civil case is proper notice and service of process and a court of competent jurisdiction; procedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack."). There is no claim for a denial of due process here.

To be sure, the Restatement suggests that there may be some circumstances in which fraud could be a defense to the res judicata rule against the splitting of a cause of action, for example, where aspects of the claim or a particular legal theory in support of the claim were not presented at all in the original action because of fraud. Restatement

(Second) of Judgments § 26 cmt j.[5] The Second Circuit, while not deciding whether such relief is available, has expressed some reluctance to require such relief in light of the availability of Rule 60(b). See In re Lawrence, 293 F.3d 615, 620-22 (2d Cir. 2002) (assuming but not deciding that the defense of res judicata barred a securities fraud claim that had not been raised in the previous sale order action because of alleged fraudulent concealment by defendants). We also need not decide the question here. Even under the Restatement rule, if the basic legal theory has been presented and determined (by adjudication or settlement), "[m]ere presentation of false evidence . . . does not generally warrant relief." 18 Wright & Miller, § 4415, at 365-68; see, e.g., Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985); Rogoski v. City of Muskegon, 550 F.2d 1075, 1077 (6th Cir. 1977); Rhodes v. Meyer, 334 F.2d 709, 716 (8th Cir. 1964). Thus Pactiv's assertion that it was denied a full and fair opportunity in the prior adjudication to litigate the scope of invalidity because of fraud is not sufficient to bar application of res judicata (claim preclusion).

---

[5] "A defendant cannot justly object to being sued on a part or phase of a claim that the plaintiff failed to include in an earlier action because of the defendant's own fraud. Thus, when the defendant takes several articles at one time and on being asked by the plaintiff fraudulently denies taking some of them and suit is brought for the remainder, a judgment in that action does not bar the plaintiff from subsequently maintaining an action for those articles not included in the first action. So when there have been several breaches of contract some of which are concealed by the defendant, a judgment for the other breaches does not prevent an action for those concealed although prior in occurrence to the others. So also when the plaintiff brings an action against the defendant for cancellation of a contract made between them, alleging that the plaintiff was mentally incompetent at the time of the making of the contract, and a verdict and judgment are given for the defendant, the plaintiff is not precluded from maintaining a second action for the cancellation of the contract on the ground of a misrepresentation the defendant concealed from the plaintiff at the time when the first action was brought." Id.

To the extent Pactiv is attempting to set aside the previous judgment based on fraud, Pactiv was required to directly challenge the first judgment in a Rule 60(b) motion filed in the original proceeding.  See Campaniello Imps., Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 661, 663 (2d Cir. 1997) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)).

## CONCLUSION

For the foregoing reasons, the decision below is affirmed.

### AFFIRMED

### COSTS

No costs.