NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1368

D BEAM,

Plaintiff,

and

BRIAN LEE EVANS,

Plaintiff-Appellant,

v.

ROLLER DERBY SKATE CORPORATION,

Defendant-Appellee,

and

OVERSEAS JENNY OF CALIFORNIA, INC.,

Defendant-Appellee,

and

CALIFORNIA ADVANCE SPORTS, INC.,
WEST COAST SKATE SALES, INC., EAST COAST SKATE SALES, INC.,
ED SELTZER, and INTERNATIONAL CREW,

Defendants.

Brian Lee Evans, of San Jacinto, California, pro se.

Richard H. Chapman, Clark Hill PLC, of Chicago, Illinois, for defendant-appellee Roller Derby Skate Corporation.

Mark D. Campbell, Loeb & Loeb LLP, of Los Angeles, California, for defendant-appellee Overseas Jenny of California, Inc. With him on the brief was Laura A. Wytsma.

Appealed from: United States District Court for the Northern District of California

Judge David O. Carter

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1368

D BEAM,

Plaintiff,

and

BRIAN LEE EVANS,

Plaintiff-Appellant,

v.

ROLLER DERBY SKATE CORPORATION,

Defendant-Appellee,

and

OVERSEAS JENNY OF CALIFORNIA, INC.,

Defendant-Appellee,

and

CALIFORNIA ADVANCE SPORTS, INC.,
WEST COAST SKATE SALES, INC., EAST COAST SKATE SALES, INC.,
ED SELTZER, and INTERNATIONAL CREW,

Defendants.

Appeal from the United States District Court for the Central District of California in case no. 04-CV-01343, Judge David O. Carter.

_____

DECIDED: June 6, 2008

_____

Before NEWMAN and GAJARSA, <u>Circuit Judges</u>, and WARD, <u>District Judge</u>.<sup>*</sup>

PER CURIAM

Plaintiff-Appellant Brian Lee Evans petitions for review from an order by the district court granting Defendant-Appellee Overseas Jenny of California's ("Overseas") motion to dismiss with prejudice Mr. Evans' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds of res judicata and separately on the relevant statutes of limitations. <u>Brian Lee Evans v. Roller Derby Skate Corp. et al.</u>, SA CV 04-1343 DOC (ANx) (C.D. Cal. May 11, 2005). Because we find no error, we <u>affirm</u>.

BACKGROUND

This dispute has followed a long and winding path through the courts, beginning in 1998 with a lawsuit filed in California state court. That action concerned disputes over a licensing agreement between D-Beam Limited Partnership ("D-Beam") and Roller Derby Skate Corp. ("Roller") for U.S. Patent No. 4,398,735, which describes a truck assembly for roller skates and skateboards. Mr. Evans assigned the rights to his invention to D-Beam, a now defunct holding company he owned and controlled, and of which he claims to be the successor in interest. The case was removed to federal district court based on diversity and most of the plaintiff's claims were subsequently dismissed. A bench trial on a remaining usury claim in 2001 also resulted in a judgment in favor of the defendant. Mr. Evans, who is not a lawyer, represented D-Beam pro se throughout the proceedings below despite repeated warnings that he was in violation of the rule that corporations and other partnerships must be represented by an attorney. <u>Rowland v. California Men's Colony, Unit II Men's Advisory Council</u>, 506 U.S. 194, 201-

---

<sup>*</sup>  Honorable John T. Ward, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

Mr. Evans subsequently appealed to the U.S. Court of Appeals for the Ninth Circuit, which affirmed the judgment resulting from the trial and dismissed the remainder of his appeal for lack of jurisdiction. D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972 (9th Cir. 2004). The Ninth Circuit held that it lacked jurisdiction to hear the appeal because Mr. Evans represented D-Beam pro se, in violation of the "longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." Id. at 973-34 (quoting In re Am. W. Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994) (internal quotation marks omitted)).

This appeal arises from the subsequent suit Mr. Evans filed in district court on November 17, 2004 naming several new defendants including Overseas and adding a claim for patent infringement. On May 12, 2005, the district court dismissed Mr. Evans' complaint with prejudice under Federal Rules of Civil Procedure 12(b)(6). Mr. Evans then timely appealed to the Ninth Circuit, which transferred his appeal to this Court due to the inclusion of a patent infringement claim.

DISCUSSION

This Court has jurisdiction over appeals from the district courts pursuant to 28 U.S.C. § 1295(a)(1). However, dismissal for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) is a procedural question not pertaining to patent law. See General Mills, Inc. v. Kraft Foods Global, Inc., 487 F.3d 1368, 1373 (Fed. Cir. 2007). Therefore, we apply the law of the Ninth Circuit in evaluating this dismissal. See, e.g., Pactive Corp. v. Dow Chem. Co., 449

F.3d 1227, 1230 (Fed. Cir. 2006) (applying regional circuit law to dismissal on the grounds of claim preclusion); Symbol Techs., Inc. v. Lemelson Med., 277 F.3d 1361, 1364 (Fed. Cir. 2002) (applying Ninth Circuit law in reviewing dismissal under Federal Rule of Civil Procedure 12(b)(6)).

In the Ninth Circuit, as in this Court, a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted is reviewed de novo. See, e.g., Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007). The district court dismissed Mr. Evans' claims under the doctrine of res judicata and separately on the grounds that the relevant statutes of limitations had expired; both grounds are reviewed de novo. See Holcombe, 477 F.3d at 1097 ("A district court's ruling on claim preclusion is also reviewed de novo."); Jones v. Blanas, 393 F.3d 918, 926 (9th Cir. 2004) ("A district court's dismissal of a claim based on a statute of limitations is reviewed do novo."). Finally, the district court's decision to dismiss Mr. Evans' claims with prejudice, preventing him from amending the complaint, is reviewed for abuse of discretion. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("We review a district court's denial of a motion to amend a complaint for an abuse of discretion.").

Under the doctrine of res judicata, more specifically claim preclusion, a final judgment on the merits precludes the parties or their privies from relitigating claims that were or could have been raised in that action. Allen v. McCurry, 449 U.S. 90, 94 (1980). For claim preclusion to attach, there must be an identity of parties or their privies, an earlier final judgment on the merits, and the new claim must be based on the same set of transactional facts as the first. Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1362-63 (Fed. Cir. 2000) (explaining that "courts have defined 'transaction' in

2007-1368                                        4

terms of a 'core of operative facts,' the 'same operative facts,' or the 'same nucleus of operative facts,' and 'based on the same, or nearly the same, factual allegations.'"). The Ninth Circuit also adheres to a transactional test to determine whether a successive suit is barred by claim preclusion. See Int'l Union of Operating Eng'rs v. Karr, 994 F.2d 1426, 1429 (9th Cir. 1993). For the purposes of claim preclusion, a dismissal with prejudice is considered a judgment on the merits. Pactiv, 449 F.3d at 1230. The record is abundantly clear that Mr. Evans' present claims are based on substantially the same set of transactional facts as his earlier claims. Mr. Evans attempt to revive this suit by joining several new defendants also fails as they are clearly in privity with Roller, the defendant in the prior litigation.

Mr. Evans' new claim of patent infringement should have been brought in the 1998 action. See B. Braun Medical, Inc. v. Abbott Labs., 124 F.3d 1419, 1426 (Fed. Cir. 1997) ("violation of valid [license] conditions entitles the patentee to a remedy for either patent infringement or breach of contract."). "It is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together." Mars Inc. v. Nippon Conlux Kabushiki-Kaisha, 58 F.3d 616, 619 (Fed. Cir. 1995). Finally, the rule that "claim preclusion does not apply unless the accused device in the action before the court is 'essentially the same' as the accused device in a prior action between the parties" is inapplicable because there is no new accused device in issue. Acumed LLC v. Stryker Corp., --- F.3d ----, 2008 WL 2020534

2007-1368                                        5

(Fed. Cir. 2008) (quoting <u>Foster v. Hallco Mfg. Co., Inc.</u>, 947 F.2d 469, 479-80 (Fed. Cir. 1991)). Thus, claim preclusion now bars this action.

Finally, Mr. Evans' appeal of the district court's decision to dismiss his claims with prejudice, denying further amendment of the complaint, is reviewed for abuse of discretion. <u>Zivkovic</u>, 302 F.3d at 1087. The general rule is that a complaint may be freely amended before a response is served, but subsequent amendments require leave of the court or consent of the adverse party. Fed. R. Civ. P. 15(a). Thus, "after a brief period in which a party may amend as of right," leave to amend lies "within the sound discretion of the trial court." <u>U.S. v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981). However, Rule 15(a) also requires that the court grant leave to amend "when justice so requires." While the rule is generally applied liberally in favor of the movant, particularly a pro se movant, "futile amendments should not be permitted." <u>Klamath-Lake Pharm. v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983); <u>Polich v. Burlington N., Inc.</u>, 942 F.2d 1467, 1472 (9th Cir. 1991) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Because Mr. Evans claims are futile on the grounds of res judicata, the district court did not abuse its discretion in denying leave to amend the complaint in this case.

We do not reach the question of whether the claims are also barred by the relevant statutes of limitation because this Court holds that they are barred by the effect of res judicata. Accordingly, the district court's decision is affirmed.