This Decision is a Precedent of the Trademark Trial and Appeal Board.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

Baxley

Mailed: August 12, 2015

Opposition No. 91213743

Be Sport, Inc.

v.

Al-Jazeera Satellite Channel

Before Kuhlke, Kuczma and Adlin,
Administrative Trademark Judges.

By the Board:

This decision concerns claim preclusion. The key issue the Board must decide in the circumstances presented here is whether the current opposition is based on the same cause of action as the prior one between the parties. Because the mark targeted by the current opposition does not create the same commercial impression as the mark targeted by the prior opposition, we hold that the two causes of action are different, and therefore deny Applicant's motion to amend its complaint to add claim preclusion as a defense.

Al-Jazeera Satellite Channel ("Applicant") has applied to register the mark BEIN SPORT in standard character form for goods in International Classes 9 and 16 and services in International Classes 35, 38, and 41.[1] Be

---

[1] Application Serial No. 85639289, filed May 31, 2012, under Trademark Act Section 44(e), 15 U.S.C. § 1126(e), based on Qatar Registration Nos. 72858, 72859, 72860,

Sport, Inc. ("Opposer") opposes registration of Applicant's mark on the ground of likelihood of confusion with its previously applied-for mark BE SPORT in standard characters for goods in International Class 25 and services in International Classes 35, 41, 42, and 45,[2] under Trademark Act Section 2(d), 15 U.S.C. § 1052(d).[3] Applicant answered, denying the salient allegations. This case now comes up for consideration of Applicant's motion for leave to amend its answer to assert the affirmative defense of claim preclusion based on a prior opposition proceeding, and its motion for summary judgment on that proposed affirmative defense. The motions have been fully briefed.

## Background

### *The Prior Case*

The parties previously were involved in Opposition No. 91212091 (the "Prior Opposition").[4] Opposer asserted its same applied-for mark (BE SPORT), against registration of Applicant's other mark, BEIN in standard

---

72861, and 72862, all of which were issued on October 8, 2012, with a claim of priority under Trademark Act Section 44(d), 15 U.S.C. § 1126(d), based on Qatar application Serial Nos. 72858, 72859, 72860, 72861, and 72862, filed February 7, 2012. The application includes a disclaimer of SPORT.

[2] Application Serial No. 85413573, filed September 1, 2011, based on an assertion of a bona fide intent to use the mark in commerce under Trademark Act Section 1(b), 15 U.S.C. § 1051(b). The application includes a disclaimer of SPORT.

[3] The notice of opposition in the above-captioned proceeding was filed on November 27, 2013.

[4] The notice of opposition in the Prior Opposition was filed on August 19, 2013.

characters,[5] for the same goods as the involved BEIN SPORT application; and the opposition was on the same ground, likelihood of confusion, as the current case. Thus, the difference in the two cases is that the Applicant's mark in the Prior Opposition did not include the word "SPORT."[6]

The Prior Opposition ended on September 2, 2014, when the Board granted Applicant's motion to dismiss the Prior Opposition with prejudice for failure to prosecute under Trademark Rule 2.132(a), stating: "Judgment is entered against opposer and in favor of applicant and the opposition is **DISMISSED with prejudice**." (6 TTABVUE) (emphasis in original).

---

[5] Application Serial No. 85639445, filed May 31, 2012, under Trademark Act Section 44(e), 15 U.S.C. § 1126(e), with a claim of priority under Trademark Act Section 44(d), 15 U.S.C. § 1126(d), based on Qatar application Serial Nos. 72863, 72864, 72865, 72866, and 72867.

[6] The current opposition and the Prior Opposition were co-pending for several months before the prior opposition was decided. In the respective Board notices instituting the prior and the present proceeding, the Board stated:

> If the parties to this proceeding are (or during the pendency of this proceeding become) parties in another Board proceeding or a civil action involving related marks or other issues of law or fact which overlap with this case, they shall notify the Board immediately, so that the Board can consider whether consolidation or suspension of proceedings is appropriate.

Institution notices at 4. Notwithstanding this instruction, neither party notified the Board following the commencement of the present proceeding. Inasmuch as the proceedings involve common issues of law and/or fact, they were ripe for consolidation at least as early as December 24, 2013, when Applicant filed its answer in the present proceeding. *See* Fed. R. Civ. P. 42(a); *Regatta Sport Ltd. v. Telux-Pioneer Inc.,* 20 USPQ2d 1154 (TTAB 1991); *Estate of Biro v. Bic Corp.*, 18 USPQ2d 1382 (TTAB 1991); TBMP § 511 (2015). Had they been consolidated and tried, then each case would have been decided on its own merits.

### *The Current Opposition*

Less than a month after the dismissal with prejudice of the Prior Opposition, Applicant, on October 1, 2014, filed a motion for summary judgment in this case under the doctrine of *res judicata* based on the Board's dismissal of the Prior Opposition. However, because Applicant had not yet actually pleaded such an affirmative defense, the Board, in an October 3, 2014 order, declined to consider the summary judgment motion.

On the same day, Applicant filed a motion for leave to file an amended answer to assert an affirmative defense of *res judicata* based on the dismissal of the Prior Opposition; and refiled its motion for summary judgment on that proposed defense.

## Discussion

Under Fed. R. Civ. P. 15(a), Applicant may amend its answer only with Opposer's written consent or leave of the Board; and leave must be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a); TBMP § 507.02 (2015). The Board liberally grants leave to amend pleadings at any stage of a proceeding, but will deny addition of a claim or defense that is legally "futile." *See generally Foman v. Davis,* 371 U.S. 178, 183 (1962) ("futility of amendment" is a reason to deny a Rule 15(a) motion); *see also, American Express Mktg. & Dev. Corp. v. Gilad Dev. Corp.,* 94 USPQ2d 1294, 1297, 1300 (TTAB 2010) (leave to amend answer denied where proposed additional defense was futile); and *Leatherwood Scopes Int'l Inc. v. Leatherwood,* 63

4

USPQ2d 1699, 1702 (TTAB 2002) (denying leave to amend where proposed amendment would be futile). Because both the motion for leave to amend and the motion for summary judgment focus on the same issue (the proposed *res judicata* defense), we turn first to consider the subject of *res judicata*.

The term *res judicata* encompasses the two preclusion doctrines now less confusingly and more commonly referred to as "claim preclusion" and "issue preclusion" (the latter is also known as *collateral estoppel*). *See, e.g.*, *Taylor v. Sturgell*, 553 U.S. 880, 892 & n.5 (2008); *Faust v. U.S.*, 101 F.3d 675, 677 (Fed. Cir. 1997). Although Applicant refers to "the doctrine of *res judicata*" throughout its motion, it is clear that Applicant's motion is based on the defense of claim preclusion.[7]

Under the doctrine of claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979); *accord Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367, 107 USPQ2d 1167, 1171 (Fed. Cir. 2013). Accordingly, a second suit will be barred by claim preclusion if: (1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first. *See Parklane*, 439 U.S. at 326 n.5; *Empresa*

---

[7] In any event, because the Prior Opposition was dismissed under Trademark Rule 2.132(a) and thus was not actually litigated, the doctrine of issue preclusion is inapplicable here. *See, e.g.*, *Mother's Restaurant, Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1569, 221 USPQ 394, 397 (Fed. Cir. 1983).

*Cubana Del Tabaco v. General Cigar Co.*, 753 F.3d 1270, 111 USPQ2d 1058, 1065-66 (Fed. Cir. 2014).

The first two elements are not in dispute. The parties in this case are identical to those in the Prior Opposition. In addition, the dismissal of the Prior Opposition with prejudice was a final judgment on the merits for purposes of claim preclusion. *See International Nutrition Co. v. Horphag Research Ltd.*, 220 F.3d 1325, 55 USPQ2d 1492, 1494 (Fed. Cir. 2000) (default judgments can give rise to *res judicata*). *Cf. Pactiv Corp. v. Dow Chemical Co.*, 449 F.3d 1227, 78 USPQ2d 1939, 1941 (Fed. Cir. 2006) ("A dismissal with prejudice is a judgment on the merits for purposes of claim preclusion."). *See also Orouba Agrifoods Processing Co. v. United Food Import*, 97 USPQ2d 1310 (TTAB 2010) (Board entered summary judgment denying petition to cancel based on petitioner's failure to prosecute earlier opposition to application that resulted in registration, or respond to Board order to show cause under Rule 2.128(a)(3), resulting in dismissal of the opposition with prejudice).

Applicant's motion for judgment on the defense it seeks to add turns on the third element: whether Opposer's Section 2(d) claim is based on the same set of transactional facts as the Prior Opposition. To determine whether separate opposition proceedings against two applications involve claims with the same set of transactional facts for preclusion purposes, we consider

> [1] whether the mark involved in the first proceeding is the same mark, in terms of commercial impression, as the mark

involved in the second proceeding, and [2] whether the evidence of likelihood of confusion between the opposer's mark and the applicant's first mark would be identical to the evidence of likelihood of confusion between the opposer's mark and the applicant's second mark.

*Institut Nat'l Des Appellations d'Origine v. Brown-Forman Corp.*, 47 USPQ2d 1875, 1894-5 (TTAB 1998) (brackets added) ("[T]he proper test for determining whether two marks have the same commercial impression, for purposes of the claim preclusion doctrine, is the test used in tacking situations, *i.e.*, whether the marks are legal equivalents.").[8] Also, *compare Polaroid Corp. v. C & E Vision Services Inc.*, 52 USPQ2d 1954 (TTAB 1999), *with Miller Brewing Co. v. Coy Int'l Corp.*, 230 USPQ 675 (TTAB 1986). In *Polaroid*, the Board refused to apply claim preclusion in an opposition based on the applicant's unsuccessful appeal from an examining attorney's refusal of registration because of a mark previously registered by the opposer. *Id.* at 1956. In addition, the Board found that stylization, design elements, and additional terms in applicant's later applied-for marks "result in commercial impressions for such marks which are different from" that of applicant's prior mark. *Id.* at 1957. In contrast, in *Miller Brewing*, the Board applied claim preclusion because "the two marks create substantially the same commercial impression and the minor alterations do not rise to the level of a new mark," applicant admitted the second design evolved out of the original design, and

---

[8] The Supreme Court, in a tacking case, recently noted that the term "'legal equivalents' . . . refers to two marks that create the same, continuing commercial impression so that consumers consider both as the same mark." *Hana Financial, Inc. v. Hana Bank*, 135 S. Ct. 907, 910, 113 USPQ2d 1365, 1367 (2015) (internal quotation marks and citations omitted).

the Board agreed with opposer that "the evidence relating to the issue of likelihood of confusion with respect to the first design would be identical with respect to the second design." *Miller Brewing*, 230 USPQ at 678.

In a more recent Board case involving consideration of an argument by the applicant that claim preclusion barred an opposition, the Board disagreed, stating that "the marks at issue in [the earlier] proceedings were different than the mark at issue here" and concluding that "[b]ecause they involved a materially different mark, the prior adjudications cannot bar opposer's claim in this opposition." *See Bausch & Lomb Inc. v. Karl Storz GmbH & Co.*, 87 USPQ2d 1526, 1531 (TTAB 2008), *appeal dismissed due to settlement*, 345 F. App'x 579 (Fed. Cir. 2009). We do not, however, view this decision as altering the basic test, as stated above, for analyzing the applicability of claim preclusion, for although the formulations in *Institut* and *Bausch & Lomb* use different words, they recite the same standard: where there are material differences, the commercial impression is not the same; the commercial impression is the same, however, where the differences are immaterial.

"Precedent cautions that [claim preclusion] is not readily extended to claims that were not before the court, and precedent weighs heavily against denying litigants a day in court unless there is a clear and persuasive basis for that denial." *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 39 USPQ2d 1949, 1952 (Fed. Cir. 1996). "The public policy underlying the principles of

8

preclusion, whereby potentially meritorious claims may be barred from judicial scrutiny, has led courts to hold that the circumstances for preclusion 'must be certain to every intent.'" *Mayer/Berkshire Corp. v. Berkshire Fashions, Inc.*, 424 F.3d 1229, 76 USPQ2d 1310, 1314 (Fed. Cir. 2005) (*quoting Russell v. Place*, 94 U.S. 606, 610 (1878)).

Here, BEIN, the mark in the Prior Opposition, creates a different commercial impression than does BEIN SPORT, the mark involved in this proceeding. While SPORT may be descriptive and both parties disclaimed SPORT in the involved and pleaded applications, "a disclaimer with the Patent and Trademark Office does not remove the disclaimed matter from the purview of determination of likelihood of confusion." *In re Shell Oil Co.*, 992 F.2d 1204, 26 USPQ2d 1687, 1688-89 (Fed. Cir. 1993).

Moreover, the evidence with respect to likelihood of confusion would not necessarily be the same in this case as it would have been in the Prior Opposition, because BEIN alone is a different mark than BEIN SPORT, and each case would require assessment of likelihood of confusion based on the involved marks in their entireties. *See Institut Nat'l Des Appellations d'Origine*, 47 USPQ2d at 1894-95 (motion for leave to amend answer to add defense of claim preclusion denied where the mark in the earlier proceeding was MIST AND COGNAC and the mark in the second proceeding was CANADIAN MIST AND COGNAC). The BEIN and BE SPORT marks at issue in the Prior Opposition share only the letters BE, whereas Applicant's

BEIN SPORT mark encompasses Opposer's entire pleaded BE SPORT mark and adds the letters IN to the first word thereof and the only distinguishing aspect is the addition of the letters IN to the first word in Applicant's mark. Moreover, the more similar the marks at issue, the less similar the goods or services need to be to support a finding of likelihood of confusion. *In re Shell Oil Co.*, 26 USPQ2d at 1689; *General Mills, Inc. v. Fage Dairy Processing Indus. S.A.*, 100 USPQ2d 1584, 1597 (TTAB 2011), *judgment set aside on other grounds*, *General Mills, Inc. v. Fage Luxembourg S.A.R.L.*, 110 USPQ2d 1679 (TTAB 2014) (nonprecedential). Accordingly, the evidence and analysis used in determining whether there is a likelihood of confusion between BEIN SPORT and BE SPORT may very well be different from that which would have been used in deciding the Prior Opposition.

The circumstances in this case are significantly different from those in *Miller Brewing, supra*, upon which Applicant relies. In *Miller Brewing*, an applicant, during an opposition against its application to register the mark COY INTERNATIONAL PRIVATE RESERVE BEER and design in the following form (with INTERNATIONAL and PRIVATE RESERVE BEER disclaimed),


,

filed a second application to register the mark COY INTERNATIONAL PRIVATE RESERVE BEER CASK NO. 32 and design in the following form (with INTERNATIONAL, PRIVATE RESERVE BEER, and CASK NO. 32 disclaimed):



Less than two months after filing the second application, the applicant filed an abandonment of the first application, which resulted in entry of judgment against the applicant under Trademark Rule 2.135. After the entry of judgment, the opposer filed an opposition against the application for the second mark. In the second opposition, the Board found that claim preclusion was applicable, stating that

> [t]he new design adds the terminology 'CASK NO. 32' (which has been disclaimed apart from the mark as a whole) and includes additional sheaves of grain outside the oval design. In our view, the two marks create substantially the same commercial impression and the minor alterations do not rise to the level of a new mark sufficient, under the circumstances, to allow applicant to seek registration herein.

*Id.* at 678. Notwithstanding that the second application was filed prior to the entry of judgment in the first opposition, the Board went on to state that it "does not wish to encourage losing parties to insignificantly modify their

marks after an adverse ruling and thereby avoid the res judicata effect of the prior adjudication." *Id.*

That consideration is not present here, however, because both opposition proceedings were pending when the Prior Opposition was dismissed. Further, the difference in overall commercial impression between the mark involved in the current (second) proceeding and the mark involved in the Prior Opposition is substantially greater than was the difference in overall commercial impression between the marks in the first and second proceedings addressed in *Miller Brewing*.[9]

We accordingly find that Applicant's proposed additional defense of *res judicata* (*i.e.*, claim preclusion) is futile. Therefore, Applicant's motion for leave to amend its answer is denied, and Applicant's original answer remains the operative responsive pleading herein. As a result, Applicant's concurrently filed motion for summary judgment on its unpleaded *res judicata* defense is denied as moot. *See Institut Nat'l Des Appellations*

---

[9] This case is essentially the "flip side" of *Sharp Kabushiki Kaisha v. ThinkSharp Inc.*, 448 F.3d 1368, 79 USPQ2d 1376 (Fed. Cir. 2006). In *Sharp*, our primary reviewing court determined, after default judgment was entered in an opposition proceeding against the applicant of the mark THINKSHARP and design in the following form, , that claim preclusion did not apply in a later-decided opposition against an application to register the word mark THINKSHARP alone, which was pending when the first opposition was decided. The Court found that an applicant need not litigate all of the oppositions to defend the right to litigate one, or some, of them. *Id.* at 1380. *See also Zachry Infrastructure LLC v. American Infrastructure Inc.*, 101 USPQ2d 1249, 1255 (TTAB 2011). Although Opposer failed to prosecute the Prior Opposition, the record does not indicate that Opposer intended to abandon the above-captioned opposition. Opposer need not litigate all of the oppositions to be able to oppose one, or some, of the related marks at issue.

*d'Origine*, 47 USPQ2d at 1896; TBMP §§ 314 and 528.07(a); October 3, 2014 order.

Proceedings herein are resumed. Remaining dates are reset as follows.

| | |
|---|---|
| Plaintiff's 30-day Trial Period Ends | **9/26/2015** |
| Defendant's Pretrial Disclosures Due | **10/11/2015** |
| Defendant's 30-day Trial Period Ends | **11/25/2015** |
| Plaintiff's Rebuttal Disclosures Due | **12/10/2015** |
| Plaintiff's 15-day Rebuttal Period Ends | **1/9/2016** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125. Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129. If either of the parties or their attorneys should have a change of address, the Board should be so informed promptly.